IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

John Diesel Oliver, )
    Petitioner, )
     )
v. )    1:12cv1399 (LO/TCB)
     )
Harold Clarke, )
    Respondent. )

MEMORANDUM OPINION

John Diesel Oliver, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss and accompanying memorandum, and petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner has filed a response; accordingly, this matter is ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

I.   Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for the City of Norfolk, Virginia, entered on March 10, 2009. Petitioner was convicted of threatening to burn or bomb, possession of an explosive device, and burning a dwelling. R. No. CR07-1161. He received a sentence of thirty (30) years with twenty (20) years suspended. On April 9, 2009, the trial court denied petitioner's motion to set aside the verdict and grant a new trial. Petitioner appealed to the Court of Appeals of Virginia, which denied the petition for appeal on September 28, 2009. Oliver v. Commonwealth, R. No. 0603-09-01. On May 4, 2010, a panel of three judges of the Court of Appeals denied the appeal for the reasons stated in the September 28,

2009 Order. Id. Petitioner appealed to the Supreme Court of Virginia, which refused the appeal on October 4, 2010 and denied a subsequent petition for rehearing on January 21, 2011. Oliver v. Warden, R. No. 101055.

On January 19, 2012, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, which denied and dismissed the petition on July 9, 2012 and denied a petition for rehearing on September 21, 2012. R. No. 120110.

On November 20, 2012, petitioner filed the instant federal habeas petition, asserting the following claims:

(1) The Commonwealth failed to establish the fundamental element of arson that a burning of a dwelling had occurred;

(2) The evidence was insufficient to support a conviction of any of the offenses of conviction;

(3) In the absence of the concurrence by the Commonwealth with petitioner's waiver of jury trial, the court was without jurisdiction to proceed to trial;

(4) The trial court abused its discretion in refusing to grant the requested continuance to locate an essential witness; and

(5) The trial court abused its discretion in refusing to order a new trial based on material evidence discovered after trial.

## II. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that

reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

### III. Analysis

A. Claims 1 & 2: Insufficient Evidence

On federal habeas review, the standard for claims challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546–47 (1981); see Wilson v. Greene, 155 F.3d 396, 405–06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

1. Claim 1

Petitioner alleges that the evidence upon which he was convicted was insufficient to find

3

him guilty beyond a reasonable doubt of burning a dwelling because the Commonwealth did not satisfy the element that the house burned. When petitioner presented this claim to the Court of Appeals of Virginia on direct appeal, it held as follows:

> Donna Dickerson testified she heard a "whoosh" and saw a man "setting fire to the house next door." She also stated she could see no space between the fire, which started on a deck, and the house. Dickerson described damage to a window and wall of the house after the incident. Patricia Harris also testified that she saw a fireball that was as high as two stories and that she saw no gap between the fire and the back of the house. Thomas Harris described a thirty-food "hemisphere" of charred and distorted siding on the rear of the house after the incident. Investigator Kaufman testified that "the fire had extended itself into the soffit area of the house," causing melting.
>
> The trial court accepted the testimony of these witnesses, which was competent and sufficient to prove beyond a reasonable doubt that the welling house was burned or destroyed pursuant to the [relevant] statute.

Oliver v. Commonwealth, supra, at 2-3. Because the Court of Appeals' opinion was the last reasoned decision on this issue, its holding is imputed to the Supreme Court of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

For the reasons expressed in the foregoing opinion, it is readily apparent that a rational trier of fact could have found the house was burned. Cf. Jackson, 443 U.S. at 319. Petitioner mischaracterizes the testimony in his petition and fails to show that the Court of Appeals or trial court unreasonably interpreted the facts presented. A review of the trial record indicates that several witnesses testified that the house had burned. See, e.g., Trial Tr. at 20, June 20, 2009 (testimony of neighbor, who said that "the deck was charred.") Therefore, the state court's rejection of this claim was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts, Williams, 529 U.S. at 412-13, and this claim must be dismissed.

2. Claim 2

Petitioner alleges that the evidence upon which he was convicted was insufficient to establish beyond a reasonable doubt that he committed the crimes. When petitioner presented this claim to the Court of Appeals of Virginia on direct appeal, it found that:

> The victim had ended a dating relationship with [petitioner] a few months prior to the incident. The victim testified she received a telephone call from [petitioner] on the date of the fire in which he threatened to burn her house. Several witnesses saw a man standing on the deck of the victim's house when the fire started. [Petitioner] telephoned the victim after the fire had started and he said he had heard her daughter screaming when he was "burning [her] house down." The victim's children were inside the house at the time of the fire. Investigator Kaufman testified the fire was of incendiary origin and when he interviewed [petitioner] and referred to "the fires," [petitioner] stated, "You mean fire." Kaufman also observed singed hair on [petitioner's] arm and hand.

Oliver v. Commonwealth, supra, at 3–4. Because the Court of Appeals' opinion was the last reasoned decision on this issue, its holding is imputed to the Supreme Court of Virginia. See Ylst, 501 U.S. at 803.

For the reasons expressed by the Court of Appeals, it is readily apparent that a rational trier of fact could have found the house was burned. Cf. Jackson, 443 U.S. at 319. Petitioner fails to offer sufficient evidence that the state court's finding was unreasonable. His claim that the victim's testimony was uncorroborated fails because it is clear from the record that petitioner's threat and admission were corroborated by the testimony of other witnesses and by the evidence that the victim reported petitioner's threat to police before the arson. See, e.g. Trial Tr. 62–67, 75–79, June 20, 2007. Therefore, the state court's rejection of this claim was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts, Williams, 529 U.S. at 412–13, and this claim must be dismissed.

B. Claims 3, 4, & 5

Claims 3, 4, and 5 will be construed liberally as claims of ineffective assistance of counsel in deference to plaintiff's pro se status, because, as presented in the petition, they do not state claims for federal relief and would not otherwise be cognizable under § 2254.[1] To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that

---

[1] "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) (quoting Engle v. Isaac, 456 U.S. 107, 119 (1982)). Therefore, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," Bates v. Lee, 308 F.3d 411, 420 (4th Cir.), cert. denied, 538 U.S. 1061 (2003), quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), and "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

1. Claim 3

Petitioner appears to allege that he was denied effective assistance of counsel because trial counsel gave him misleading information about his right to a jury trial. When petitioner presented this claim to the Supreme Court of Virginia, it held that the claim satisfied neither the performance nor prejudice prong of Strickland, finding that

> The record, including the affidavit of counsel and the trial transcript, demonstrates that counsel advised petitioner of the advantages and disadvantages between a bench and jury trial . . . and that counsel would have moved for a jury trial if petitioner had insisted on one. Furthermore, the court advised petitioner that he had the right to a jury trial, and petitioner informed the court that he wanted to waive his right to a jury . . . . Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Oliver v. Director, supra, at 5–6. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determinations of the facts. Williams, 529 U.S. at 412–13. A review of the record reveals petitioner knowingly waived his right to a jury trial and that the court accepted his waiver. Sch. Order, May 3, 2007. Therefore, this claim must be dismissed.

2. Claims 4 & 5

In these claims, petitioner argues that he was denied due process when he was denied a continuance to locate a witness and when the trial court refused to grant him a new trial based on the "after-discovered evidence" of this witness's testimony. When petitioner presented these claims as ineffective assistance of counsel claims to the Supreme Court of Virginia, it held that the claim satisfied neither the performance nor prejudice prong of Strickland, reasoning that

> The record, including the trial transcript, demonstrates that petitioner made counsel aware of Beretervide only six days before trial . . . Additionally, the record, including the transcript from the hearing on petitioner's motion for a new trial, demonstrates that after hearing from Beretervide that he was with petitioner on the day of the incident the trial court found Beretervide's testimony to be incredible.

Oliver v. Director, supra, at 4–5. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determinations of the facts. Williams, 529 U.S. at 412–13. A review of the record reveals that the trial court found both petitioner and Mr. Beretervide to be incredible when it heard petitioner's testimony concerning his diligence in securing an alibi witness and Mr. Beretervide's testimony concerning petitioner's alibi. Mot. Tr. 74–75, March 25, 2009. Therefore, this claim must be dismissed.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 19th day of August 2013.

/s/
Liam O'Grady
United States District Judge

Alexandria, Virginia

8